IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No.: 12-PO-00033-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

BROCK D. McELHANEY

Defendant.

ORDER OF DETENTION

      This matter came before the Court for a detention hearing on March 21, 2013. Assistant United States Attorney Heldmyer represented the Government and Mr. Stephan Schweissing represented the Defendant. After considering:

    The contents of the file;
    The information;
    The arguments of Counsel and;
    The computer record on CM/ECF with regard to the prior proceedings

    I ORDER the Defendant detained.

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court takes judicial notice of the Court's file and the information presented at hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

Defendant was born in 1982 and was arrested today in Mesa County, Colorado. Defendant is charged with driving while license revoked in violation of 18 U.S.C. 7 & 13 and C.R.S. 42-2-138(1)(a). The Court has reviewed the probable cause statement attached to the original violation notice in this matter and does find probable cause to believe the Defendant committed the offense.

The Court finds that the original citation required Defendant's appearance on April 10, 2012. CM/ECF does not indicate an entry for that date. The matter was

continued to May 15, 2012.  An arrest warrant was issued for Defendant on May 22, 2012.  An appearance was set for August 14, 2012.  Defendant did not appear on that date.  An arrest warrant was issued for Defendant on August 14, 2012.  Defendant appeared in custody on September 11, 2012.  Conditions of release were set for Defendant on that date by United States Magistrate Judge Rice.  Defendant executed those conditions of release that same date and was in fact released.  Defendant was present on October 16, 2012.  That date was continued to December 11, 2012.  That appearance was continued to January 15, 2013.  Defendant did not appear on that date.  That appearance was continued to February 22, 2013.  Defendant did not appear on that date.  A warrant was issued that date but stayed pending Defendant's acceptance of a new date.  Defendant accepted the new date of March 12, 2013, in writing.  That acceptance was filed with the Court.  Defendant failed to appear on March 12, 2013 and a warrant was issued by the Court for his non-appearance.

Defendant was arrested on March 21, 2013 and appeared, in custody, before the Court that same date.  A hearing was held at approximately 3:00 p.m. on March 21, 2013.  Information presented at that hearing was that Defendant failed to appear because of an OBGYN emergency which required Defendant's presence on Denver, Colorado on that date.  The Court makes no finding as to the credibility of that information.  Defendant was arrested at his home on March 21, 2013 by local law enforcement.  Apparently law enforcement went to that address on an unrelated matter and found that Defendant had a warrant for his arrest.  No information exists that Defendant tried to contact the Court or turn himself in between March 12 and March 21, 2013.

As a result, after considering all of these factors, I find by a preponderance of the evidence that Defendant is a flight risk and I conclude that there is no condition or combination of conditions for release which will reasonably assure the Defendant's appearance for Court proceedings.

As a result, after considering all of these factors, I DO NOT find by clear and convincing evidence that Defendant is a danger to the community and I DO NOT conclude that there is no condition or combination of conditions for release that will assure the safety of any other persons and the community.

Accordingly, it is hereby

**ORDERED** that Defendant is detained as a flight risk.

**ORDERED** that Defendant shall be committed to the custody of the Attorney General or his designee for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further

**ORDERED** that Defendant shall be afforded reasonable opportunity for private

3

consultation with counsel. It is further

**ORDERED** that upon an order of a Court of the United States, or upon request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with any Court proceeding in this matter.

In accordance with the provisions of the Bail Reform Act, if at any time before trial the judicial officer determines that information exists which was not known at the time of the detention hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, the detention hearing may be reopened (18 U.S.C. § 3142(f)).

Dated March 21, 2013.

BY THE COURT:
/s/ Gordon P. Gallagher

_____

Gordon P. Gallagher
U.S. Magistrate Judge